ELECTRONICALLY FILED
2018 Oct 17 4:21 PM
CLERK OF COURT

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

DELOIS CHAMBERS and
MICHEAL CHAMBERS

    Plaintiffs,

vs.

Docket No. _____
Division _____
JURY DEMANDED

DWIGHT WALKER and,
CAL-ARK INTERNATIONAL, INC.

    Defendants.

## COMPLAINT

Plaintiffs, Delois Chambers and Micheal Chambers, by and through counsel, hereby files this Complaint against Defendants, Dwight Walker and Cal-Ark International Inc., for personal injuries and damages and would respectfully state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs, Delois Chambers and Micheal Chambers, are a married couple and adult residents of Memphis, Shelby County, Tennessee.

2. Upon information and belief, Defendant, Dwight Walker, at all relevant times, is an adult resident of Pine Bluff, Arkansas residing at 2507 S. Taft Street, Pine Bluff, Arkansas 71603.

3. Upon information and belief, Defendant, Dwight Walker, at all relevant times, may be served at 2507 S. Taft Street, Pine Bluff, Arkansas 71603.

4. Upon information and belief, Defendant, Cal-Ark International Inc., is a Texas corporation, doing business in Tennessee at 15614 Highway 13 S, Hurricane Mills, Tennessee 37078

1

and headquartered in Little Rock, Arkansas. Cal-Ark International Inc. may be served with process through its registered agent, CFB Liquidation, LLC at 118 Lee Parkway Dr., Chattanooga, Tennessee 37421.

5. The incident that forms the basis of this suit occurred in Shelby County, Tennessee, thus this Court has personal jurisdiction over the parties and venue is proper in this county.

6. This action arises in tort out of personal injuries and damages incurred as a result of an automobile collision that occurred in Shelby County, Tennessee on or about October 27, 2017.

7. This Honorable Court has subject matter jurisdiction over this claim and personal jurisdiction over the parties.

## FACTS

8. Upon information and belief, Plaintiffs alleges that, at all times material hereto, including October 27, 2017, Defendant, Dwight Walker, was an authorized driver of the 2016 T680 Kenworth, (VIN 1XKYD49X4GJ125672; TN license plate number C083HZ) which was involved in the accident with Plaintiff on October 27, 2017.

9. Upon information and belief, Plaintiffs alleges that on or about October 27, 2017, Defendant, Dwight Walker, was operating the above-referenced 2016 Kenworth, as the agent, servant and/or employee of Defendant, Cal-Ark International Inc. Thus, Plaintiffs relies upon § 55-10-311 and § 55-10-312 of the Tennessee Code Annotated and the doctrines of respondeat superior and agency, alleging that any negligence on the part of Defendant, Dwight Walker, should be imputed to Defendant, Cal-Ark International Inc..

10. On or about October 27, 2017, Plaintiff, Delois Chambers, was the driver and owner of a 2016 Hyundai Elantra (VIN KMHDH4AE1GU607423; TN license plate number W9109G), and was travelling westbound on Interstate 40 in the right lane/ lane number 1.

11. At all times pertinent hereto, the Plaintiff, Delois Chambers, was operating the vehicle in a safe, cautious, and prudent manner, obeying all of the rules and regulations of the roadway.

12. At said time and at said location, Defendant, Dwight Walker, was operating the aforementioned 2016 Kenworth and was travelling westbound on Interstate 40 in the left lane/lane number 2, when the Defendant attempted to merge into the Plaintiff's lane.

13. Defendant, Dwight Walker, caused his vehicle to collide into the Plaintiff Delois Chamber's vehicle.

14. Defendant, Dwight Walker, negligently failed to use reasonable caution in the operation of his vehicle by failing to exercise due care and by impeding the normal and reasonable movement of traffic.

15. As a direct and proximate result of the Defendants' negligent acts, Plaintiff, Delois Chambers, sustained personal injuries and other damages to be more particularly described hereinafter.

## NEGLIGENT ACTS AND/OR OMISSIONS

16. Plaintiffs incorporate paragraphs 1 through 15 as if restated here verbatim.

17. Plaintiff, Delois Chambers, did not have sufficient time or space to avoid the collision and, as a direct and proximate result of the negligent acts of the Defendant, sustained personal injuries and other damages.

18. Plaintiffs charges and alleges that Defendant is guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiffs' injuries and resulting damages to wit:

    (a) In negligently failing to use that degree of care and caution in the operation of his commercial vehicle as was required of a reasonable and prudent person under the same or similar circumstances existing at the time and place of the aforementioned collision;

    (b) In negligently failing to maintain a safe lookout;

    (c) In negligently failing to devote full time and attention to the operation of his commercial vehicle;

    (d) Failing to see what was there to be seen;

    (e) Failing to maintain control of said commercial vehicle;

    (f) Impeding the normal and reasonable movement of traffic;

    (g) Driving in a careless manner;

    (h) Other acts and/or omissions to be shown at the trial of this cause.

## NEGLIGENCE *PER SE*

19. Plaintiffs incorporate paragraphs 1 through 18 as if restated here verbatim.

20. Plaintiffs charge and allege that Defendant, Dwight Walker, was in violation of the following statutes of the State of Tennessee, which were in full force and effect at the time and place of the collision and which constitutes as negligence per se, to wit:

    **Section 55-8-136. Due Care**
    (b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either being driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating such motor vehicle at a safe speed, by maintaining a safe lookout, by keeping such motor vehicle under proper control and by devoting full time and attention to operating such motor vehicle, under the existing circumstances to avoid endangering life, limb, or property.

4

### Section 55-10-205. Reckless driving
(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

### Section 55-8-123. Driving on roadways laned for traffic
Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules, in addition to all others consistent with this section, shall apply:

(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety;

### Section 55-8-143. Signals for turns
(a) Every driver who intends to start, stop or turn, or partly turn from a direct line, shall first see that that movement can be made in safety, and whenever the operation of any other vehicle may be affected by such movement, shall give a signal required in this section, plainly visible to the driver of the other vehicle of the intention to make such movement.

21. Plaintiffs charge and allege that Defendant, Dwight Walker, was in violation of the following City of Memphis Ordinances, which were in full force and effect at the time and place of the collision and constitutes negligence per se, to wit:

### Section 11-16-2. Duty to devote full time and attention to operating vehicle
It shall be unlawful for a driver of a vehicle to fail to devote full time to the driving of said vehicle when such failure, under the then existing circumstances, endangers life, limb or property.

### Section 11-16-3. Duty to drive at safe speed, maintain lookout, keep vehicle under control

Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, ever driver shall:

(1) Operate his vehicle at a safe speed;
(2) Maintain a safe lookout;
(3) Use due care to keep his vehicle under control.

### Section 11-16-44. Reckless driving

Any person who drives any vehicle in a willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

5

## NEGLIGENT HIRING, SUPERVISION, AND TRAINING

22. Plaintiffs incorporate paragraphs 1 through 21 as if restated here verbatim.

23. Plaintiffs alleges, upon information and belief, that Defendant, Cal-Ark International Inc., knew, or in the exercise of due diligence and reasonable inquiry, should have known of Defendant's, Dwight Walker, propensity and proclivity to drive in an illegal, unlawful, negligent and/or reckless manner.

24. Plaintiffs alleges that Defendant, Cal-Ark International Inc., is guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiff's injuries and resulting damages, to wit:

    (a) Negligent training of Defendant, Dwight Walker;
    (b) Negligent supervision of Defendant, Dwight Walker;
    (c) Negligent hiring of Defendant, Dwight Walker;
    (d) Other acts and/or omissions to be shown at the trial of this cause.

## NEGLIGENT ENTRUSTMENT

25. Plaintiffs incorporate paragraphs 1 through 24 as if restated here verbatim.

26. Plaintiffs allege, upon information and belief, that Defendant, Cal-Ark International Inc., or in the exercise of due diligence and reasonable inquiry, should have known of Defendant Dwight Walker's propensity and proclivity to drive in an illegal, unlawful, negligent and/or reckless manner.

27. Plaintiffs allege that Defendant Cal-Ark International Inc., is guilty of the following acts and/or omissions of common law negligence, which were a direct and proximate cause of Plaintiff's injuries and resulting damages, to wit:

    (a) Negligent entrustment of the subject vehicle to Defendant, Dwight Walker;
    (b) Other acts and/or omissions to be shown at the trial of this cause.

## INJURIES AND DAMAGES

28. Plaintiffs incorporate paragraphs 1 through 27 as if restated here verbatim.

29. As a direct and proximate result of the above-described violations of the common law and state statutes by Defendants, Plaintiff, Delois Chambers, sustained multiple serious and disabling injuries to her body as a whole, including but not limited to, injuries to her right hand, right shoulder, right arm, abdomen, shock and fright.

30. Plaintiff, Delois Chambers, has endured pain and suffering and will continue to endure pain and suffering from the injuries arising out of the subject collision.

31. Plaintiff, Delois Chambers, has incurred reasonable and necessary medical expenses in order to alleviate her pain and suffering and will continue to incur said expenses in the future.

32. Plaintiff, Delois Chambers, has sustained mental anguish and a loss of enjoyment of life as a result of the subject collision, past, present, and future.

33. Plaintiff, Delois Chambers, has sustained inconvenience as a result of the subject collision, past, present, and future.

34. Plaintiff, Delois Chambers, has sustained other damages to be determined at a trial of this cause of action as a result of the subject collision, past, present, and future.

35. As a direct and proximate result of the above-described breaches of duties and negligent, reckless, and/or intentional acts by Defendants, Plaintiff, Micheal Chambers, individually, seeks damages for the loss of the society, affection, companionship, and consortium of his wife.

36. Because of the injuries proximately caused by Defendants' negligence, Plaintiff, Micheal Chambers is entitled to reasonable and proper compensation for the following legal damages:

(a) Loss of consortium of his wife, Delois Chambers.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully sues Defendants, Dwight Walker and Cal-Ark International Inc., for a reasonable amount of restitution and compensation for damages to be determined by twelve honorable and good citizens of Shelby County for the sum of Four Hundred Thousand Dollars ($400,000.00).

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays for damages as they may appear on the trial of this cause, reserving the right to amend this pleading to conform to the facts as they may develop, for cost and interest, and for all other general relief justified by the facts under the law or equity.

Respectfully submitted,

REAVES LAW FIRM, PLLC

*/s/ Jennifer H. Collins*

HENRY E. REAVES, No. 28348
JENNIFER H. COLLINS, No. 27985
*Attorneys for Plaintiff*
4466 Elvis Presley Blvd., Suite 310
Memphis, Tennessee 38116
(901) 417-7166
henry.reaves@beyourvoice.com
jennifer.collins@beyourvoice.com